UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-CV-00138-TBR

**DAMIEN ANTHONY SUBLETT,**  PLAINTIFF

V

**MIKE McALISTER et al.,**  DEFENDANT

**OPINION AND ORDER**

This matter comes before the Court on Defendant's, Timothy Grimes, Motion for Summary Judgment (R. 54). Plaintiff, Damien Anthony Sublett, has responded. (R. 56). Before the Court decides this matter, it grants Grimes leave to properly support his Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(e)(1).

**Background**

In April of 2017, Damien Sublett, an inmate at the Kentucky State Penitentiary, supplemented an existing complaint against Corrections Officer, Mike McAlister, to add a First Amendment retaliation claim against Timothy Grimes, Corrections Captain at Kentucky State Penitentiary. In his Supplemental Complaint (R. 13), Sublett alleges that Grimes retaliated against him by filing a false disciplinary report in response to Sublett filing a verbal grievance with his Unit Administrator, Jacob Bruce. (R. 13). Grimes contends Sublett was disciplined for filing a frivolous Prison Rape Elimination Act (PREA) claim—not a verbal grievance. (R. 54-1 ID # 371). Grimes now moves the Court for summary judgment, asserting that Sublett's retaliation claim must fail because Sublett was not engaged in constitutionally protected conduct

1

when filling the frivolous claim. (R. 54-1 ID # 377-380).

**Discussion**

Grimes's fails to properly support a fact material to his position. Grimes takes the position that Sublett's retaliation claims fails because he was not engaged in constitutionally protected conduct when filing a frivolous PREA complaint. (R. 54-1 ID # 377-380). While filing prison grievances constitutes constitutionally protected conduct, filing frivolous PREA claims does not. *Sublett v. Bryant*, Civil Action No. 15-016-JMH, 2015 U.S. Dist. LEXIS 65779, at *9 (E.D. Ky. May 20, 2015) (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) ("The filing of *non-frivolous* grievances is protected conduct under the First Amendment.)); *Sublett v. Bryant*, Civil Action No. 15-016-JMH, 2016 U.S. Dist. LEXIS 81043, at *9 (E.D. Ky. June 22, 2016) (quoting *Lewis v. Casey*, 518 U.S. 343, 353, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) ("Depriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.")). To prove Sublett filed a PREA claim instead of making a verbal grievance, Grimes points to Exhibit 3 attached to his Response to Sublett's Supplemental Complaint filed on May 5, 2017. (R. 54-1 ID # 379). Exhibit 3 appears to be an appeal from Sublett's Kentucky State Penitentiary disciplinary proceedings. (R. 16-3 ID # 117). In the appeal, Sublett admits to filling a PREA complaint—not making a verbal grievance (R. 16-3 ID # 117).

However, the Court may not consider Exhibit 3. Grimes does not properly authenticate the document; the document is not certified to be authentic and Grimes offers no affidavits to prove as much. "The failure to authenticate a document properly precludes its consideration on a motion for summary judgment." *Robinson v. Bodoff*, 355 F. Supp. 2d 578, 582 (D. Mass. 2005);

*accord, Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (noting that unauthenticated prison records were precluded from consideration during summary judgment because they failed to meet the requirements of Federal Rule of Civil Procedure 56). Therefore, this Court cannot take Exhibit 3 into account while considering Grimes's Motion for Summary Judgment.

But pursuant to Rule 56(e)(1), at the summary judgment stage, the Court may grant a party the opportunity to properly support or address a fact when that party has otherwise failed to do so. Fed. R. Civ. P. 56(e)(1). *Leese v. Martin*, No. 11-5091 (JBS/AMD), 2013 U.S. Dist. LEXIS 140566, at *40 (D.N.J. Sep. 30, 2013); *accord*, *Mulrooney v. Corp. Serv. Co.*, Civil Action No. 12-163-SLR-CJB, 2013 U.S. Dist. LEXIS 42876, at *53 (D. Del. Mar. 27, 2013) (compiling cases in which, pursuant to Rule 56, other district courts have granted a party the opportunity to support or address a fact when that party has failed to do so). The Court concludes that justice so dictates granting such an opportunity here. Therefore, the Court grants Grimes leave to supplement his Motion for Summary Judgment to properly authenticate Exhibit 3.

**Conclusion**

Defendant, Timothy Grimes, is hereby granted leave to supplement his Motion for Summary Judgment (R. 54) with proper authentication of Exhibit 3 attached to the Defendants' Response to Motion to Supplement Complaint filed on May 5, 2017 (R. 16-3).

Defendant, Timothy Grimes shall have twenty-one (21) days from the date of this Opinion and Order to furnish the authentication.

If Defendant, Timothy Grimes, timely submits such authentication, Plaintiff, Damien Sublett, shall have twenty-one (21) days thereafter to respond.

If no such authentication is timely submitted, the Court shall rule on the Defendant's

Motion for Summary Judgment (R. 54) as it is before Court.
IT IS SO ORDERED.

*Thomas B. Russell*
Thomas B. Russell, Senior Judge
United States District Court

November 5, 2018

cc.  Damien Sublett
     134575
     LITTLE SANDY CORRECTIONAL COMPLEX
     505 Prison Connector
     Sandy Hook, KY 41171
     PRO SE