# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:16-CV-00138-TBR

| | |
|---|---|
| **DAMIEN ANTHONY SUBLETT,** | **PLAINTIFF** |
| V | |
| **MIKE McALISTER et al.,** | **DEFENDANT** |

## OPINION AND ORDER

This matter comes before the Court on Defendant's, Timothy Grimes, Motion for Summary Judgment. (R. 54). Plaintiff, Damien Anthony Sublett, has responded. (R. 56). This matter is now ripe for decision. For the reasons that follow, Grimes's Motion for Summary Judgment is HEREBY GRANTED.

BACKGROUND

In April of 2017, Damien Sublett, then an inmate at the Western Kentucky Correctional Complex, supplemented an existing complaint against Corrections Officer, Mike McAlister, to add a First Amendment retaliation claim against Timothy Grimes, Corrections Captain at Western Kentucky Corrections Complex. In his Supplemental Complaint, Sublett contends that he filed a verbal grievance with his Unit Administrator, Jacob Bruce, after noticing that Officer Hamby, a female prison guard, "was staring directly into" the men's showers. (R. 13, Pl.'s Supplemental Compl.). Grimes contends Sublett was disciplined for filing a frivolous Prison Rape Elimination Act (PREA) claim—not a verbal grievance. (R. 54-1, Def.'s Mot. for Summ. J.). Unit Administrator Bruce is a Prison Rape Elimination Act (PREA) investigator. Sublett

1

admits he was fully clothed at all times, and that no sexual misconduct occurred. (*Id.*). Grimes now moves the Court for summary judgment, asserting that Sublett's retaliation claim must fail because Sublett was not engaged in constitutionally protected conduct when filling the frivolous claim. (*Id.*).

To support his position, Grimes offers his own affidavit and disciplinary records concerning the incident, both of which indicate that after an internal affairs investigation, it was determined that Sublett filed a frivolous PREA claim in bad faith. (*See* R. 16, Def.'s Resp. to Mot. to Supplement Compl., Ex. 2 & Ex. 4). Grimes also offers two separate occasions on which Sublett admits to filling the PREA at issue: First, in appealing his prison disciplinary action, and then again in a separate lawsuit he has pending before the Court. (R. 57, Def.'s Reply).

In response, Sublett offers his own affidavit, in which he claims that "[he] did not write anything admitting to a PREA," and points out that Grimes has failed to provide the "Offender Notification Form" to the Court. (R. 61, Sublett Aff.).

STANDARD

Summary judgment is proper only if Grimes, as the movant, establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If Grimes carries his burden, then Sublett, as the party opposing the motion, must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. Sublett may not simply rest on his own pleadings. Instead, he must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). Evidence must be viewed in the light most

favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Thus, any direct evidence offered by the Sublett in response to Grimes's Motion for Summary Judgment must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing A*dams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the Sublett's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

DISCUSSION

A successful retaliation claim requires the plaintiff be engaged in protected conduct. *Sublett v. Sheets*, No. 5:15-CV-00199-TBR, 2017 U.S. Dist. LEXIS 83879, at *12 (W.D. Ky. May 31, 2017) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). While filing prison grievances constitutes constitutionally protected conduct, filing frivolous PREA claims does not. *Sublett v. Bryant*, Civil Action No. 15-016-JMH, 2015 U.S. Dist. LEXIS 65779, at *9 (E.D. Ky. May 20, 2015) (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) ("The filing of *non-frivolous* grievances is protected conduct under the First Amendment.)); *Sublett v. Bryant*, Civil Action No. 15-016-JMH, 2016 U.S. Dist. LEXIS 81043, at *9 (E.D. Ky. June 22, 2016) (quoting *Lewis v. Casey*, 518 U.S. 343, 353, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) ("Depriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the

punishment of Federal Rule of Civil Procedure 11 sanctions.")). If Sublett filed a PREA claim, it was frivolous. He, admits that he was fully clothed, and no sexual misconduct occurred. Thus, the question is whether Sublett filed a PREA claim. From the evidence, no reasonable jury could find that he did not.

The evidence is all but one sided. Everything, except Sublett's own self-serving statements, suggests that he filed a PREA claim—not a verbal grievance. Sublett complained to a PREA investigator, Grimes testifies in his affidavit that Sublett filed a PREA complaint, the disciplinary investigation resulted in a determination that Sublett filed a PREA complaint, and, most importantly, Sublett has twice admitted to filling the PREA complaint—once a in sworn statement made to this Court. In October of 2016, in appealing his prison disciplinary proceedings, Subblet states unequivocally that "[o]n or about 9/13/16 at appox: 1:30 p.m. [,] I Damien Sublet filed a Prison Rape Elimination Act ('PREA')." (R. 16, Def.'s Resp. to Mot. to Supplement Compl., Ex. 4). Then, in August of 2017, in a verified complaint filed with this Court in *Sublett v. Linda Green*, 5:17-CV-00116-TBR, Sublett states—under penalty of perjury—as follows:

> The third complaint to filed by Sublett was against W.K.C.C. Correctional Officer Kerriann Hamby unlike the complaint filed against McAlister pursuant to C.P.P 14.6, this complaint against c/o Hamby was filed pursuant C.P.P 14.7 Prison Rape Elimination Act ("PREA") in which Sublett alleged c/o Hamby improperly positioned herself to view inside the men's restroom in violation of policy and the 4th Amendment Bodily privacy right.

(R. 57, Def.'s Reply).

In response to the substantial amount of evidence against him, Sublett offers his own self-serving affidavit and points to the fact that Grimes has failed to introduced the PREA "Offender Notification Form" into the Record. The lack of the PREA Notification Form, admittedly, gives the Court slight pause. However, the Court is satisfied that even without the PREA Offender Notification Form, given Sublett's two separate confessions to filling the PREA complaint, one of which was a sworn statement made to the Court, no reasonable jury could find that Sublet did not file the frivolous PREA. The Court also finds that Sublett's self-serving affidavit fails to create an issue of fact so as to defeat Grimes's properly supported Motion for Summary Judgment. *Hoffner v. Bradshaw*, 622 F.3d 487, 500 (6th Cir. 2010) (finding that a self-serving affidavit from the plaintiff failed to create a factual dispute when compared with evidence to the contrary); *Am. Speedy Printing Centers, Inc. v. AM Mktg., Inc.*, 69 F. App'x 692, 696 (6th Cir. 2003) (holding the same); *Whitley v. Spencer County Police Dep't*, 1999 U.S. App. LEXIS 5862, No. 975904, 1999 WL 196499 (6th Cir. Mar. 26, 1999) (holding the same). Therefore, no reasonable jury could find that Sublet was engaged in protected conduct. Sublett's claim is frivolous, and Grimes's Motion for Summary Judgment is granted.

The Court takes this opportunity to warn Sublett about the PLRA's "Three Strikes" provision. It states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court also takes this opportunity to warn Sublett that the it has a duty to protect the proper and expeditious administration of justice. *See Urban v. United Nations*, 248 U.S. App. D.C. 64, 768 F.2d 1497, 1500 (D.C. Cir. 1985). Given the repetitive litigation by Sublett—and the fact that the litigation often starts with Sublett exposing himself to female prison officials and support staff—the Court warns Sublett that it may be forced to take protective actions in the face of future frivolous or vexatious litigation.

CONCLUSION

Based on the findings and conclusions above, it is **HEREBY ORDERED** as follows:

Defendant Timothy Grimes's Motion for Summary Judgment, (R. 54), is **GRANTED**, and Plaintiff Damien Sublett is assessed a "strike" for the purposes of the PLRA's "Three Strikes" Provision.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 27, 2018

cc. Damien Sublett
 134575
 LITTLE SANDY CORRECTIONAL COMPLEX
 505 Prison Connector
 Sandy Hook, KY 41171
 PRO SE