**DAMIEN ANTHONY SUBLETT,**                                    **PLAINTIFF**

**V**

**MIKE McALISTER et al.,**                                          **DEFENDANT**

## OPINION AND ORDER

This matter comes before the Court on *pro se* Plaintiff's, Damien Anthony Sublett, Motion for Reconsideration. (R. 65). Defendant, Mike McAlister, has responded. (R. 66). This matter is now ripe for decision. For the reasons that follow, Sublett's Motion for Reconsideration is HEREBY DENIED.

BACKGROUND

In April of 2017, Damien Sublett, then an inmate at the Western Kentucky Correctional Complex, supplemented an existing complaint against Corrections Officer, Mike McAlister, to add a First Amendment retaliation claim against Timothy Grimes, Corrections Captain at Western Kentucky Corrections Complex. In his Supplemental Complaint, Sublett contends that he filed a verbal grievance with his Unit Administrator, Jacob Bruce, after noticing that Officer Hamby, a female prison guard, "was staring directly into" the men's showers. (R. 13, Pl.'s Supplemental Compl.). Grimes contends Sublett was disciplined for filing a frivolous Prison Rape Elimination Act (PREA) claim—not a verbal grievance. (R. 54-1, Def.'s Mot. for Summ. J.). Sublett admits that he made a complaint with Unit Administrator Bruce, who is a Prison

1

Rape Elimination Act (PREA) investigator. Sublett also admits he was fully clothed at all times, and that no sexual misconduct occurred. (*Id.*). Grimes moved for summary judgment, asserting that Sublett's retaliation claim must fail because Sublett was not engaged in constitutionally protected conduct when filling the frivolous claim. (*Id.*).

To support his position, Grimes offered his own affidavit and disciplinary records concerning the incident, both of which indicate that after an internal affairs investigation, it was determined that Sublett filed a frivolous PREA claim in bad faith. (*See* R. 16, Def.'s Resp. to Mot. to Supplement Compl., Ex. 2 & Ex. 4). Grimes also offered two separate occasions on which Sublett admitted to filling the PREA at issue: First, in appealing his prison disciplinary action, and then again in a separate lawsuit he has pending before this Court. (R. 57, Def.'s Reply). In response, Sublett offered his own affidavit, in which he claimed that "[he] did not write anything admitting to a PREA," and pointed out that Grimes had failed to provide the "Offender Notification Form" to the Court. (R. 61, Sublett Aff.).

On December 27, 2018, the Court granted Grimes's Motion for Summary Judgment, finding that based on the evidence, no reasonable jury could find in Sublett's favor. (R. 59). Sublett now moves the Court to Reconsider. (R. 65).

STANDARD

Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *E.g., Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.*, 2013 U.S. Dist. LEXIS 52872, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013). The Sixth Circuit instructs that a motion for reconsideration

should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "Such motions are extraordinary and sparingly granted" due to the strong interest in the finality of judgments. *Marshall v. Johnson*, 2007 U.S. Dist. LEXIS 29881, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

DISCUSSION

Sublett's Motion to Reconsider rehashes the same arguments made in his Response to Grimes's Motion for Summary Judgement. Without specifically pointing to any of the four grounds upon which a motion to reconsider would be appropriate, Sublett argues that the Court should reconsider its decision granting Grimes summary judgment because Sublett made a verbal grievance, not a PREA complaint, and because Grimes has not produced a written PREA complaint filed by Sublett concerning the incident in question. Sublett argued these same points in his Response to Grimes's Motion for Summary Judgment.

First, the Court's December 27, 2018 Opinion and Order already addressed these arguments, explaining that "the Court is satisfied, even without the PREA Offender Notification Form, given Sublett's two separate confessions to filling the PREA complaint, one of which was a sworn statement made to the Court, no reasonable jury could find that Sublet did not file the frivolous PREA." (R. 59). The Court's opinion on the matter has not changed.

Second, the Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 U.S. Dist. LEXIS 25240, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation [*2] omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). Accordingly, Sublett's Motion to Reconsider, (R. 65), is DENIED.

CONCLUSION

For the foregoing reasons, it is **HEREBY ORDERED** as follows:

Plaintiff Damian Anthony Sublett's Motion for Reconsideration, (R. 65), is **DENIED**, and the Courts December 27, 2018 Opinion and Order stands.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

May 21, 2019

cc.  Damien Sublett
    134575
    LITTLE SANDY CORRECTIONAL COMPLEX
    505 Prison Connector
    Sandy Hook, KY 41171
    PRO SE