UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00138-TBR

DAMIEN ANTHONY SUBLETT                                                      PLAINTIFF

v.

MIKE McALISTER                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon a Motion for Summary Judgment filed by Defendant Mike McAlister. [DN 78.] *Pro se* Plaintiff, Damien Sublett ("Sublett") filed a motion requesting an extension of time to file his response to Defendant's Motion for Summary Judgment. [DN 79.] Since filing that motion, Sublett has filed his response. [DN 80.] Defendant has replied [DN 81.] As such, this matter is ripe for adjudication and, for the following reasons, **IT IS HEREBY ORDERED** Defendant's Motion for Summary Judgment [DN 78] is **GRANTED**.

**I. Background**

Sublett, now an inmate at Lee Adjustment Center, filed this action alleging retaliation in violation of his First Amendment right to file a grievance while an inmate at Western Kentucky Correctional Complex ("WKCC"). [DN 1.] Plaintiff and Defendant both agree that Plaintiff experienced medical issues stemming from issues with the heat in the dining hall. Plaintiff was seen by medical on July 4, 2016. [DN 78-1 at 1-2.] Plaintiff filed a grievance on July 26, 2016 about the heat. [DN 6-1 at 1.] In this grievance, Plaintiff stated, "on 7-25-16 Mr. Sublett suffered over whelming heat, to the point of dizziness and profuse sweating. I became light headed and my

1

breath was shortened by the dangerous heat." [*Id.*] Defendant agreed with Plaintiff that the heat was an issue and stated, "the ventilation fan in the tray room has been fixed and we have ordered fans that will be mounted to the wall in each corner of the kitchen to better circulate the air." [DN 6-1 at 2.] In this resolution, Defendant also stated that Plaintiff should be issued a "write up for lying about his condition on 7-25-16". [*Id.*] Defendant made this statement after speaking with medical staff and finding no record of Plaintiff seeking medical treatment on July 25. [DN 78-1 at 2.]

Plaintiff asserts that Defendant later "accosted Plaintiff and informed him that his grievance is going to cost the prison thousands of dollars…and that the plaintiff was a trouble maker and a liar." [DN 80 at 3.] Plaintiff further alleges that Defendant would "issue the plaintiff a category 3 disciplinary and make sure that the plaintiff was found guilty and sentenced to fifteen days segregation and thirty days good time loss for lying in the Plaintiff's grievance." [*Id.*]

## II. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact

could reasonable find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence…of a genuine dispute…" Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1177 (6th Cir. 1996).

### III. Discussion

Defendant first argues that Sublett cannot establish any of the factors necessary to prove a First Amendment retaliation claim. Sublett argues he has proven the elements of retaliation. The Court agrees with Defendant.

In order for a plaintiff to succeed on a first amendment retaliation claim, a plaintiff must prove: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two". *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999).

"An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir. 2000). However, it is only protected "if the grievances are not frivolous" *Id.* "A [grievance] is frivolous if it lacks an arguable basis either in law or fact." *Dellis v. Corrections Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

3

## A. Retaliation

### 1. Protected Conduct

"If a prisoner violates a legitimate prison regulation, he is not engaged in protected conduct, and cannot proceed beyond step one." *Smith v. Campbell.* 250 F. 3d 1032, 1037 (6th Cir. 2001) (quoting Thaddeus-X, 175 F.3d 378, 395 (6th Cir. 1999).

Sublett filed a grievance on July 26, 2016 stating, "[t]his grievance is in regards to the condition of confinement in WKCC dinning hall, in which on 7-25-16 Mr. Sublett suffered overwhelming heat to the point of dizziness and profuse sweating." [DN 6-2 at PageID 53.] However, in his complaint, Sublett only stated he experienced medical symptoms on July 3, 2016—which Defendant does not deny. [DN 1 at PageID 4-5.] Defendant argues this is clear evidence that Sublett did not experience the medical symptoms he stated in the grievance. Therefore, Defendant argues Sublett has violated a legitimate prison policy—lying to an employee—and was not engaged in protected conduct. The Court agrees.

Corrections Policy and Procedure ("CPP") 15.2 prohibits lying to an employee. The Court finds that there is no genuine dispute that Sublett lied about experiencing medical symptoms on July 25, 2016. There is no evidence that he sought medical care on this date or informed a staff member about any symptoms. Although Sublett was well within his rights to file a grievance concerning the heat, there is no right to lie on the grievance form. Sublett argues because his grievance was about the heat in the dining hall and not a medical emergency, he was engaged in protected conduct. Although the main complaint on the grievance form was the issue with the heat, it does not ratify violating a prison policy on the same form. Therefore, Sublett was not engaged in protected conduct.

## 2. Adverse Action

Defendant next argues Sublett did not experience an adverse action. Sublett argues he was threatened when Defendant "informed Sublett that his grievance is going to cost the prison thousand of dollars to put a air conditioning ventilation in and that Sublett was not overtaken by the heat…and Sublett was a trouble maker and a liar." [DN 1 at PageID 5.] Sublett argues Defendant went on to say he would "issue a category 3 lying to staff write up/disciplinary report and make sure Sublett is found guilty and sentenced to 15 days in segregation and 30 days good time loss". [*Id.*] Defendant denied making this statement but nonetheless argues verbal harassment is insufficient to support a retaliation claim.

"Ordinarily, verbal harassment cannot deter a person of ordinary firmness from engaging in protected conduct. An inmate has no right to be free from verbal abuse, and minor threats do not rise to the level of a constitutional violation." *Annabel v. Erichsen,* 2018 U.S. Dist. LEXIS 118538, *35 (E.D. Mich. July 17, 2018) (quoting *Smith v. Craven,* 61 F. App'x 159, 162 (6th Cir. 2003) (internal quotations omitted). The comments Sublett alleges Defendant made about Sublett being a trouble maker and a liar cannot sustain a claim for retaliation. Again, this comment, if made, was made with regard to Sublett lying on the form and not the act of filing a grievance. The Court does not find that these statements would cause a person of ordinary firmness from engaging in protected conduct.

Sublett further argues the comments Defendant made during the informal resolution stage of the grievance process equate to an adverse action. In Defendant's response to Sublett's grievance, Defendant stated in part, "[o]ther than issuing inmate Damien Sublett 134525 a write

5

up for lying about his condition on 7-25-16 I see no reason for any further action." [DN 6-1 at PageID 34.] However, this argument also cannot suffice.

"Not every adverse action against one who *has engaged in protected conduct* is constitutionally cognizable." *Ingraham v. Wright,* 430 U.S. 651, 674 (1977) (emphasis added). The Court has already found Sublett was not engaged in protected conduct when he lied on his grievance about suffering medical symptoms on July 25, 2016. Therefore, disciplinary action for non-protected activity would not deter a person of ordinary firmness from continuing protected conduct. Further, after reviewing the informal resolution, Unit Administrator Jacob Bruce stated, "there are no current pending disciplinary reports in inmate Sublett's file, for this issue or any other." [DN 78-2 at PageID 540.] Although threats of disciplinary action for protected conduct can equate to adverse action, the fact Sublett never received a disciplinary report for this matter bolsters the Court's opinion that no adverse action occurred.

The Court also agrees with Defendant that the alleged statement was not a threat. If this statement, allegedly made by Defendant, is characterized as a threat, any suggestion for disciplinary action would become an actionable threat. Therefore, Sublett also cannot satisfy the second factor.

### 3. Causal Connection

"Finally, the third element -- a causal connection between the protected conduct and the adverse action -- needs to be established by the plaintiffs to complete their affirmative case." *Thaddeus-X,* 175 F.3d at 399. Defendant argues Sublett cannot show Defendant's action were motivated by Sublett's protected activity. Sublett argues the "threat" in Defendant's grievance response was a clear response to Sublett's protected conduct. However, the Court finds that there is no causal connection.

As stated above, the "threat" clearly states Sublett deserves a write up for lying—not for exercising his right to file a grievance. Sublett has not provided any evidence negating this motivation. He simply states this statement was made in response to him filing a grievance about the heat. The evidence on the record shows the statement was made in response to Sublett's statement about his medical condition. Sublett's claim that Defendant's statement in the informal resolution was motivated by his act of filing a grievance is further damaged by Defendant agreeing to fix the heat and ventilation in the dining hall. [DN 6-1 at PageID 34.] Defendant and other officials at WKCC provided Sublett the exact remedy he requested in his grievance. Therefore, there is no causal connection between Sublett's protected conduct and the "threat".

Sublett has failed to provide evidence in support of his retaliation claim. Therefore, this claim must be dismissed.

**B. Qualified Immunity**

Defendant argues even if Sublett could prove a constitutional violation, qualified immunity is appropriate because it was not sufficiently clear that Defendant's actions violated Sublett's constitutional rights. Sublett argues there is clearly established law stating threats of disciplinary sanctions are sufficiently adverse.

Pursuant to qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Feathers v. Aey*, 319 F.3d 843, 847-48 (6th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The Supreme Court instructs lower courts to perform a two-tiered inquiry to determine whether a defendant is entitled to qualified immunity." *Austin v. Redford Twp. Police Dep't*, 690 F.3d 490, 496 (6th Cir. 2012) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). First,

a court must determine whether the facts alleged show that the defendant's conduct violated a constitutional right." *Id.* (citing *Saucier*, 533 U.S. at 201). "If the plaintiff establishes that a constitutional violation occurred, a court must next consider 'whether the right was clearly established.'" *Id.* (quoting *Saucier*, 533 U.S. at 201). When a defendant raises the defense of qualified immunity, the plaintiff bears the burden of showing that the defendant is not entitled to it. *Id.* (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)). The Court may, in its discretion, decide which of these two inquiries is addressed first in light of the circumstances of the particular case at hand. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (refining *Saucier*, 533 U.S. at 201).

In *Scott v. Churchill,* 377 F.3d 565, 572 (6th Cir. 2004), the Court stated, "the mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation." Scott, an inmate, informed an officer that he was considering filing a grievance. *Id.* at 567. In response to Scott's statement, the officer yelled, "you don't know who you're f__ing with", grabbed Scott's neck and further stated, "you want to f__ with me, b__" *Id.* Here, there was no physical threat. The "threat" at issue here is drastically different from the threat in *Scott*. It cannot be said that a reasonable officer would have known a right was being violated by opining on potential disciplinary action for a legitimate violation during the grievance process. A statement suggesting discipline for a legitimate violation of policy cannot equate to an actionable threat.

### IV. Conclusion

Sublett has failed to provide proof that he was engaged in protected conduct. Further he has not shown evidence that the statement by Defendant was motivated by a desire to punish the protected act of filing a grievance rather than lying within the grievance. Without such proof, summary judgment is appropriate. For the above stated reasons, **IT IS HEREBY ORDERED** that

Defendant's Motion for Summary Judgment [DN 78] and Sublett's Motion for Extension of Time [DN 79] are **GRANTED**.

A judgment will follow.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge
United States District Court**

February 11, 2020

cc: Damien Anthony Sublett
　　134575
　　LEE ADJUSTMENT CENTER
　　WN207
　　Inmate Mail
　　168 Lee Adjustment Center Drive
　　Beattyville, KY 41311
　　PRO SE